UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BEKAERT CORPORATION, | ) | CASE NO. 5:09 CV 2903 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| STANDARD SECURITY LIFE | ) | **MEMORANDUM OPINION** |
| INSURANCE COMPANY OF NEW | ) | **AND ORDER** |
| YORK, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Before the Court are defendant's motion for leave to file a Motion for Partial Summary Judgment (Doc. No. 30) and defendant's Motion to Stay Discovery (Doc. No. 31). For the reasons discussed below, both motions are **DENIED**. In addition, for record purposes, Doc. No. 28 is **DENIED without prejudice**.

## I. PROCEDURAL BACKGROUND

On December 15, 2009, defendant Standard Security Life Insurance Company of New York ("defendant" or "Standard Security") removed this action from the Summit County Court of Common Pleas on the basis of diversity jurisdiction. After seeking two extensions of time, defendant filed its Answer to the Complaint on February 18, 2010. The Court scheduled the Case Management Conference ("CMC") for February 25, 2010 but, on defendant's motion representing that the parties were engaged in settlement discussions, continued the CMC to April 12, 2010. The case did not settle and the Court conducted the CMC on April 12, 2010, followed

by the issuance of the Case Management Plan and Trial Order ("CMPTO") on that same day. The following deadlines, among others, were set: non-expert discovery deadline (9/30/10); expert discovery deadline (11/12/10); dispositive motions (11/19/10, to be at issue on 1/7/11); status conference (11/2/10); final pretrial conference (2/17/11); and jury trial (2/28/11).

On May 18, 2010, the Court granted plaintiff's motion to amend the complaint and the Amended/Supplemental Complaint was filed on that same day. (Doc. No. 21.) Defendant's Answer to the Amended/Supplemental Complaint was filed on June 1, 2010. (Doc. No. 23.)

The parties moved for and were granted, on August 24, 2010, a Stipulated Protective Order. (Doc. No. 26.)

On September 10, 2010, defendant filed a Motion for Partial Summary Judgment. (*See* Doc. No. 28.)

On September 21, 2010, the Court issued an Order noting that "[t]he Case Management Plan and Trial Order issued in this case specifies that each party is entitled to file only *one* summary judgment motion." (Order, Doc. No. 29, at 1.) The Order required the defendant to "(1) file a written certification that this is the only dispositive motion it intends to file; (2) file a written withdrawal of the instant motion; or, (3) explain the necessity and propriety of filing the motion at this early date and to seek leave to do so." *Id.*

On September 22, 2010, defendant timely filed a Motion for Leave to File its Motion for Partial Summary Judgment (Doc. No. 30), apparently choosing the third alternative offered by the Court's Order. At the same time, defendant also filed a Motion to Stay Discovery (Doc. No. 31) pending resolution of its Motion for Partial Summary Judgment. Plaintiff has filed

its opposition to both motions (Doc. Nos. 33 and 34, respectively) and defendant has filed its replies (Doc. Nos. 35 and 36, respectively).

## II. THE AMENDED/SUPPLEMENTAL COMPLAINT

The Amended/Supplemental Complaint ("Complaint") alleges that plaintiff Bekaert Corportion ("plaintiff" or "Bekaert"), a corporation headquartered in Akron, Ohio, provides medical benefits to various current, former and retired employees through the self-funded Bekaert Corporation Employee Health Benefit Plan #795 ("the Plan") and also carries stop-loss insurance. (Compl. ¶ 8.) In December 2007, through the Plan administrator, Klais & Company, Inc. ("Klais"), plaintiff applied for stop-loss insurance with defendant through its underwriting services company, TRU Services, LLC ("TRU"). (*Id*. ¶¶ 9, 10.) Bekaert was initially insured through Standard Security from January 1, 2008 through December 31, 2008, at which time plaintiff renewed its insurance coverage with Standard Security. The renewed coverage extended from January 1, 2009 to December 31, 2009. (*Id*. ¶ 11.)

Jerry Padgett was a former Bekaert employee allegedly covered under the Plan. He became ill in 2009 and, prior to his death that same year, incurred substantial medical expenses. (*Id*. ¶ 12.) Three other Bekaert employees (who are not specifically named in the Complaint due to privacy concerns, but who are known to the defendant) were also persons covered under the plan. (*Id*. ¶ 13.)

Plaintiff alleges that Standard Security has liability under the relevant insurance policy for costs for Mr. Padgett (which totaled approximately $474,455) in excess of $311,500, which amount consists of a $200,000 per person deductible and a $111,400 one-time Self-Funded Liability. (*Id*. ¶ 14.) The costs for the other three employees were approximately

$237,094, $225,542, and $289,517, for which Standard Security has liability under the policy for per person costs in excess of the $200,000 per person deductible. Because the one-time Self-Funded Liability is already satisfied by Mr. Padgett's claim, it allegedly need not be satisfied with respect to the other three claims. (*Id*. ¶ 15.)

Bekaert alleges that it has made claims for the above-listed medical costs under the policy issued by Standard Security, but Standard Security has breached it obligation to pay. (*Id*. ¶ 16.)

### III. DISCUSSION

**A.      The Pending Motions**

Both of the pending motions (Doc. Nos. 30 and 31) raise essentially the same grounds in support. Defendant asserts that resolution of its proposed Motion for Partial Summary Judgment "turns strictly and simply upon the subject agreement between the parties and the interpretation of the terms and provisions contained therein." (Memorandums in Support, Doc. No. 30-1, at 1; Doc. No. 31-1, at 2.) Defendant further asserts that "[t]here are no disputed facts with regard to the parties' contract, the construction of which is a question of law to be resolved by the Court." (Doc. No. 30-1, at 1-2, citing *Lovewell v. Physicians Ins. Co. of Ohio*, 79 Ohio St. 3d 143, 144 (1997); Doc. No. 31-1, at 2, citing same).

Defendant is of the view that, although its proposed dispositive motion is styled as a motion for *partial* summary judgment, because it deals with the Padgett claim, which is "clearly the crux of this dispute," (Doc. No. 30-1, at 2), "as a practical matter, early resolution of the Padgett Claim could ultimately lead to the resolution of the entire matter or, at a minimum,

4

would streamline litigation over the small remaining claim." (*Id.*)[1] For this reason, defendant asserts that early resolution of the Motion for Partial Summary Judgment "serves rather than impedes the Court's case management goals, such as: minimizing the expenditure of any unnecessary time, effort and financial resources that would be incurred in further discovery and the retention of experts, and narrowing and/or streamlining any issues that might remain for trial." (*Id.*)

Defendant further argues that "Bekaert has propounded written discovery to which Standard Security has fully responded[,]" putting Bekaert "in [...] possession, through either its own business records or through the documents produced by Standard Security on or about August 30, 2010, [of] all of the documents which constitute the contract between the parties and all interrogatory responses germane to the issues addressed in the Motion for Partial Summary Judgment." (Doc. No. 30-1, at 2; Doc. No. 31-1, at 2.)

Defendant asserts that submitting the Motion for Partial Summary Judgment "prior to the last date upon which dispositive motions may be filed will not prejudice Bekaert[,]" (Doc. No. 30-1, at 3),[2] and will, in fact, result in preservation of "significant time, effort and financial resources." (*Id.*)

Finally, defendant asserts that since the case is not scheduled for trial until February 28, 2011, even if the Motion for Partial Summary Judgment were denied, "the parties

---

[1] Defendant's motion for leave suggests that two of the three smaller claims have been "paid and are no longer at issue[,]" whereas the third "was recently appealed and only seeks reimbursement of approximately $27,300." (Doc. No. 30-1, at 2.)

[2] The Court notes that this evasive "last date" language suggests that Standard has *every intention* of filing another motion for summary judgment with respect to the remaining claims by that "last date," should settlement not be forced or facilitated by a ruling on partial summary judgment. Exactly how that "serves" judicial economy, etc. is beyond this Court's understanding.

5

would have more than enough time to engage in discovery that is necessary to prosecute and defend the subject claims." (Doc. No. 30-1, at 3; Doc. No. 31-1, at 5 [same]).

**B.     Plaintiff's Opposition**

Although not wanting to be in the position at this juncture to have to oppose the improvidently filed Motion for Partial Summary Judgment which defendant now seeks leave to file, plaintiff argues that the motion for leave to file "contains a number of inaccurate assumptions, an incomplete discussion of the relevant record, and an incomplete and otherwise inaccurate discussion of the substantive law that ultimately will [be] applied in this case." (Doc. No. 33, at 1.) Plaintiff's primary concern is that, if the motion for leave to file is granted, it be done in a way that will not prejudice plaintiff. Plaintiff also makes quite clear that, at the appropriate time, it plans to file its own dispositive motion. Plaintiff argues that allowing defendant to proceed immediately with the proposed Motion for Partial Summary Judgment, with the understanding that defendant still intends to file an additional motion according to the deadline in the CMPTO, puts plaintiff at a disadvantage because it will be allowed only a single motion. In any event, plaintiff would not oppose granting the motion for leave provided it be "permitted adequate time to complete pending discovery, which has been postponed by the motion to stay, and that it be permitted to file its response to the motion for partial summary judgment at an appropriate interval after the completion of such discovery." (*Id.* at 3.) Plaintiff also wishes to preserve the majority of the deadlines in the CMPTO because it wishes to resolve this case sooner rather than later.

With respect to defendant's motion to stay discovery, plaintiff has relatively strong opposition. Instead, plaintiff would have this Court issue an amended CMPTO which

6

would allow for the completion of sufficient discovery to fend off the Motion for Partial Summary Judgment while still preserving a majority of the CMPTO deadlines, especially the trial date. Plaintiff's reasons for this position are several.

First, plaintiff challenges defendant's assertion that two of the four claims addressed in the Complaint have been "adjudicated" and are no longer at issue. Plaintiff asserts that, if plaintiff prevails on the Padgett claim, then these two claims would have been *under*paid because defendant applied Bekaert's Self-Funded Liability to those claims when, instead, that liability would have already been satisfied by the Padgett claim had that claim been properly processed. In addition, Bekaert notes that the fourth claim at issue has been denied by Standard Security and is not addressed by the Motion for Partial Summary Judgment.

Plaintiff further argues that defendant has not fully responded to plaintiff's written discovery requests, notwithstanding plaintiff's attempt, by way of letter dated September 15, 2010, to resolve the discovery disputes. Plaintiff notes serious deficiencies in defendant's discovery responses, most notably, "the virtually complete lack of information or documentation regarding the underwriting of the policy, which information is particularly relevant in this case, where, [...] Standard Security is contending that there is an implicit ambiguity in the partes' agreement that should be construed in its favor." (Doc. No. 34, at 4.) Until plaintiff receives these discovery responses, it argues that it will not be in a position to respond to any dispositive motion. Plaintiff also notes that, although it served requests for admission, defendant has not responded.

Plaintiff disagrees that permitting it to proceed with the Rule 30(b)(6) deposition of defendant's representative as well as the non-party deposition of Standard Security's agent, Laura Conte of TRU, would in any way burden the defendant. Instead plaintiff argues that its

inability to depose these persons will result in prejudice. Given that defendant has denied four claims, plaintiff is of the view that it is entitled to determine whether such denials were proper. Plaintiff argues that "substantial hardship would be imposed on Bekaert if Standard Security, through the expedient of filing an early motion for partial summary judgment, were successful in denying Bekaert the opportunity to complete its limited discovery which addresses, among the many other issues in this case, the very issues raised by that motion." (*Id*. at 7, footnote omitted.)

Plaintiff asserts that it would *not* have sufficient time to complete discovery should the dispositive motion be denied and, further, that Standard Security's request "seeks to jumble and largely reverse" the logical, orderly deadlines set in the case. (*Id.*)

Finally, plaintiff argues that judicial economy has not been, and will not be, served by the two instant motions. Plaintiff states:

> The economies of this Court, however, are not served by having to address the motion to stay and having to change the case schedule, in some fashion or another, regardless of how it rules on the motion.  Further, the economies of this Court are not served by having to address Standard Security's motion for partial summary judgment filed before fact discovery is completed, having to address any further motion for partial summary judgment Standard Security might file,[4] and having to address the dispositive motion Bekaert intends to file pursuant to the Court's established case schedule, all at different times and on different schedules.  Further, the economies of Bekaert are not served by having to address the motion to stay, by having to oppose an apparently contemplated series of partial summary judgment motions by Standard Security, or by having to bifurcate its factual discovery or possibly forego completing its factual discovery addressing issues raised by Standard Security's motion for partial summary judgment.[5]
>
> [4] Standard Security has neither withdrawn its current motion for partial summary jugment nor certified to the Court that it does not intend to file further such motions, which were two of the options the Court provided in its Order of September 21, 2010. Bekaert presumes, therefore, that Standard Security will attempt to file further dispositive motions.
>
> [5] Because the pending discovery is necessary for Bekaert to fully develop the record essential for its opposition to the motion for partial summary judgment, if the Court were to stay discovery, Bekaert would be required to file a motion under Rule 56(f) to complete discovery relevant to the partial summary

> judgment motion. Hence, the motion to stay, if granted, would serve to increase, not decrease, motion practice in this case.

(*Id.* at 9, footnotes in original.)

**C.    Analysis**

Underlying this dispute is a contract. Notwithstanding language in the insurance policy attached to the Complaint which provides that the contract consists of four documents: (1) the Policy; (2) the Application; (3) the Disclosure Statement; and (4) the Bekaert health benefits Plan (*see* Compl., Ex. A, Doc. No. 21-1, at 1, 10), defendant's proposed Motion for Partial Summary Judgment seems to suggest that there is ambiguity about what constitutes the contract. The motion relies entirely on the Policy and the Plan and appears to disregard the Application and the Disclosure. Plaintiff asserts, in its opposition to the motion to stay discovery, that all four documents, including the Application and the Disclosure, clearly establish that Mr. Padgett and the other three claimants were "covered person[s]" within the meaning of the policy and that, if it must oppose the Motion for Partial Summary Judgment, it will so argue.

There is also a question regarding the premiums paid by the plaintiff. The Complaint alleges that all premiums were paid, "including premiums for coverage for Mr. Padgett, and the three additional covered individuals, and otherwise fulfilled all of its obligations under the Policy." (Compl. ¶ 19.) The Answer denies this allegation. (Answer ¶ 19.) Yet, when plaintiff asked in discovery that defendant "[s]tate whether the premiums due for the Policy have been paid[,]" (Doc. No. 34-1, at 3, Interrogatory No. 8), defendant did not answer. Likewise defendant objected to answering Interrogatory No. 12 which asked defendant to "[e]xplain the reasons for [its] denial of paragraph[ ] [...] 19 of the Complaint." (*Id.* at 4.) In addition, when

plaintiff filed requests for production of documents relating to the premiums that plaintiff paid and defendant's methods for calculating premiums, defendant asserted that these documents were not relevant. (*Id*. at 6-7.) The Application which plaintiff asserts is part of the Policy states that premiums are "Paid at: Gold PPO: 90v70[;] Silver: 80v60[;] *Retiree*: 80v60." (Doc. No. 28-4 at 3, emphasis added.) If the Application is part of the Policy, it seems to suggest that plaintiff's premiums included payment for retiree coverage. This is apparently a factual dispute which is germane to the claims herein and which plaintiff has a right to inquire about prior to having to defend against a dispositive motion. Plaintiff argues in its opposition to the motion to stay discovery that "an insurer cannot interpret a contract one way for purposes of premium collections and then another way for purposes of claim consideration, as Standard Security is attempting to do here." (Doc. No. 34, at 11, citations omitted.)

The Court is convinced that, at this juncture, it is premature to consider any motions for summary judgment. Therefore, defendant's motion for leave to file a Motion for Partial Summary Judgment (Doc. No. 30) is **DENIED**. Further the actual Motion for Partial Summary Judgment (Doc. No. 28) is **DENIED for record purposes**, but not on the merits. At the appropriate time, i.e., the deadline set by the Amended CMPTO below, defendant may file a single motion for summary judgment.[3]

Finally, the Court feels the need to comment on the notion that these two motions and the proposed Motion for Partial Summary Judgment in any way served the interests of judicial economy. This Court has now spent an inordinate amount of time considering these two

---

[3] Clearly, this motion cannot simply be refiled because it completely ignores the requirements of electronic filing with respect to attachments to motions. Rather than separately filing each attachment/exhibit, with a proper description of the attachment for easy reference by the Court, defendant simply scanned all the documents into a single attachment that is 139 pages long and contains no exhibit stickers, bates numbers, or any other identifying information. Both parties are placed on notice that any document filed in that manner in the future will be stricken from the record and the offending filer will have to show good cause why the Court should permit re-filing.

motions and, in order to do so, also reading the entire proposed dispositive motion in its poorly-filed condition, which was a significant and time-consuming challenge. This has amounted to "satellite litigation" for no good reason. In addition, in the motions papers, the Court detects hints that discovery motions are soon to follow; in fact, this very day, plaintiff has filed a notice of discovery dispute (Doc. No. 37).[4] This will not only further sabotage the orderly CMPTO which the Court, with input from the parties, set during the CMC, but will also result in even more wasted judicial resources. That said, the Court *strongly* encourages the parties to cooperate in discovery. The Court has reviewed the September 15, 2010 letter from plaintiff's counsel to defendant's counsel regarding defendant's incomplete discovery responses and, with few exceptions, agrees with plaintiff's position. (*See* Doc. No. 34-1.)

## IV. CONCLUSION

For the reasons set forth above, Doc. Nos. 30 and 31 are **DENIED**. Further, Doc. No. 28 is **DENIED** without prejudice.

## V. AMENDED CMPTO

In view of the time expended resolving these two motions, the Court will extend the deadlines in the CMPTO as follows:

| | |
|---|---|
| Non-expert discovery deadline . . . . . . . . . . . . . . . . . . . . ." | October 29, 2010 |
| Burden of Proof Expert Identification and Report. . . . . | November 5, 2010 |
| Rebuttal Expert Identification and Report. . . . . . . . . . | November 26, 2010 |

---

[4] In light of this order, discovery shall resume immediately. The parties are to confer in good faith to resolve any outstanding discovery disputes and, should they not be able to resolve them, bring them before the Court in a timely fashion.

| | |
|---|---|
| Expert Discovery deadline. . . . . . . . . . . . . . . . . . . . . . . | December 10, 2010 |
| Motions for summary judgment. . . . . . . . . . . . . . . . . . . | December 17, 2010 |
| Opposition to motions. . . . . . . . . . . . . . . . . . . . . . . . . . | January 7, 2011 |
| Replies in support of motions. . . . . . . . . . . . . . . . . . . . . | January 12, 2011 |
| Status Conference . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | December 1, 2010 at 12:00 Noon |
| Final Pretrial Conference . . . . . . . . . . . . . . . . . . . . . . . . | March 3, 2011 at 4:00 p.m. |
| Trial (two-week standby basis) . . . . . . . . . . . . . . . . . . . | March 14, 2011 |

**IT IS SO ORDERED**.

Dated: October 8, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**